UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KRISTINA DRAKE, JOSEPH BORUCKI, JOSHUA LEISNER, and AUSTIN LYSY Individually, and on Behalf of All Others Similarly Situated, | |
| Plaintiffs, | Case No. 20 C 1574 |
| v. | Magistrate Judge Sunil R. Harjani |
| CHOP HOSPITALITY LLC d/b/a CHICAGO CHOP HOUSE, MATTHEW McCAHILL, PHILIP MARTIN, PETER HODO, ADAM WILL, and JAMES LAWRENCE, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this putative class and collective action on behalf of themselves and current and former servers and bartenders of Chicago Chop House restaurant based on allegations that Defendants operated a mandatory tip pool that did not comply with the tip credit provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.*, and/or the Chicago Minimum Wage and Paid Sick Leave Ordinance, Chicago Municipal Code, § 1-24-010, *et seq*. The parties have consented the jurisdiction of the United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Plaintiffs now move to compel discovery and for sanctions pursuant to Federal Rule of Civil Procedure 37. For the reasons stated below, the motion [95] is granted in part and denied in part.

**BACKGROUND**

On April 8, 2021, the Court ordered the parties to provide their Mandatory Initial Discovery Pilot ("MIDP") Program disclosures by April 23, 2021.[1] Doc. 80. On April 23, 2021, both sides filed a Notice of Service of MIDP Disclosures, but Defendants disclosures were incomplete in that they did not provide a single new responsive document nor did they provide a list of individuals who had discoverable information. Docs. 88, 89. Plaintiffs' counsel emailed defense counsel about the missing documents on May 3, 2021, May 6, 2021, and May 11, 2021. On May 11, 2021, defense counsel responded that he had requested documents from his clients. He also referred Plaintiffs to documents produced in a prior 2018 lawsuit between some of the same Plaintiffs and some of the same Defendants and to some payroll documents produced nearly a year earlier in connection with Plaintiffs' settlement demand. In addition, defense counsel attached a single document.

During a preliminary settlement discussion with counsel and the undersigned magistrate judge on May 12, 2021, the inadequacy of Defendants' MIDP production was raised. Doc. 91. The Court ordered the parties to meet and confer about the MIDP production issue and provide an update in the status report due on May 20, 2021. *Id.*

Pursuant to the Court's order, counsel met and conferred on May 17, 2021 and corresponded via email after the meet and confer session. During the May 17 meet and confer session, the parties agreed that the following documents are responsive to the MIDP requests: (a) documents related to the operation of the tip pool; (b) personnel files of Doris Siemen (General Manager of Chicago Chop House restaurant) and any other individuals who received tip pool money; (c) documents showing who had control over scheduling and/or pay of any of the class

---

[1] As of June 1, 2020, the MIDP program concluded for new cases.

members; (d) documents related to the hiring, firing, or disciplining of any of the class members; (e) agreements with any credit card agencies or credit processing companies by Chop Hospitality; (f) any emails and text messages relevant to the above, which included searching the work and personal emails of all the individual Defendants as well as the work emails of Ms. Siemen and any other manager with business email addresses at the Chop House; (g) notifying Plaintiffs' counsel if any of those emails or text messages have been destroyed or deleted; (h) all emails sent out via Schedulefly to any class members; and (i) email correspondence with Sourcepointe that in any way reflects or discusses any class members individually or discusses any policies or practices regarding job responsibilities and/or pay of front of house employees. As part of their MIDP disclosures, Defendants also agreed to provide the names and contact information for the following categories of individuals: (a) any other managers and assistant managers (other than the named Defendants and Doris Siemen) who worked at the restaurant during the relevant time period; (b) any other employees who had knowledge of Ms. Siemen's responsibilities; (c) any other individuals involved in the hiring and/or firing of any class members; (d) any employees involved in payroll, bookkeeping, and/or accounting; (e) individuals employed by whatever credit card companies or credit card processing companies Chop Hospitality had agreements with; and (f) individuals at SourcePointe who were involved in negotiations and/or signing agreements with Chop Hospitality.

The parties filed their required status report on May 20, 2021. Doc. 92. With respect to Defendants' required document production under the MIDP, the status report stated: "Defendants previously produced payroll records and have indicated that Plaintiffs are to use documents produced in compliance with the MIDP [in a prior lawsuit] that briefly involved some of the same parties." Doc. 92 at 3. Plaintiffs responded that Defendants' initial production was inadequate,

3

and they identified several categories of documents and information that needed to be produced by Defendants. *Id*. The parties confirmed that they had met and conferred on May 17, 2021 and reported reaching an agreement on the required scope of Defendants' MIDP production, as detailed above. *Id*. Defendants agreed to produce the outstanding documents and information by June 4, 2021. *Id*.

After reviewing the parties' status report, and by Order dated May 21, 2021, the Court entered the following discovery schedule: (1) Rule 26(a)(1) disclosures and any remaining MIDP disclosures due by June 4, 2021; (2) written discovery shall issue by June 18, 2021; (3) notices of depositions with agreed upon dates shall issue by August 6, 2021; and (4) all fact discovery shall be completed by October 29, 2021. Doc. 93. When no additional documents were produced by Defendants on June 4, 2021, counsel for the parties again met and conferred by telephone on June 7, 2021. Defense counsel reported that the corporate Defendant Chop Hospitality is short-staffed and his office intended to send a paralegal to the Chicago Chop House restaurant to assist with the document production. Defense counsel did not give a date when Defendants' document production would be complete.

Three days later, on June 10, 2021, Plaintiffs filed the current motion to compel and for sanctions. In their motion, Plaintiffs seek an order: (1) directing Defendants to produce all required documents and names and contact information within two weeks; (2) imposing sanctions, including all attorney's fees related to Defendants' non-compliance with the Court's orders; and (3) prohibiting Defendants from requesting additional extensions in this case less than two weeks prior to any deadline and requiring a showing of good cause for why any extension should be granted. In their response brief, Defendants request that they be given until July 19, 2021 to provide their required disclosures.

## DISCUSSION

In the first part of their motion, Plaintiffs move to compel the overdue MIDP disclosures that concern documents and names and contact information. The MIDP requires each party, among other things, to: (1) produce documents in their possession, custody, or control that they believe may be relevant to any party's claims or defenses and (2) state the names and, if known, the addresses and telephone numbers of all persons who they believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess. Am. MIDP Standing Order, ¶¶ B.1 & B.3.

Defendants failed to comply with this Court's April 8, 2021 Order requiring MIDP disclosures to be produced by April 23, 2021 and its May 21, 2021 Order requiring MIDP disclosures to be produced by June 4, 2021. Other than documents produced as part of the prior 2018 case, some pay records produced nearly a year ago for settlement purposes, and two copies of an unsigned agreement, Defendants did not provide documents that are responsive to the MIDP requests. In their response brief, Defendants "readily concede that, to date, they have been unable to produce documents responsive to the requirements under the Mandatory Initial Discovery Pilot Project." Doc. 98 at 2. Further, Defendants have failed to provide their list of specific persons with discoverable information. Defendants state that their disclosures made on June 4 identified persons with knowledge regarding the tipping pool and credit card transaction expenses. But other than the named Defendants and Doris Siemen, Defendants' disclosures do not identify a single specific individual who is likely to have discoverable information. *See* Doc. 98-2 at 2-4. Because Defendants' MIDP disclosures as to documents and witnesses likely to have discoverable information remain substantially incomplete, the motion to compel is granted. Defendants shall provide their MIDP disclosures by July 19, 2021.

In the second part of their motion, Plaintiffs assert that Defendants' failure to produce their MIDP disclosures justifies an award of attorney's fees as a sanction. Plaintiffs invoke Federal Rule of Civil Procedure 37(b)(2), which governs sanctions for failure to obey a discovery order. "Rule 37(b)(2)(C) dictates that when a party disobeys a discovery court order, 'the court must order the disobedient party . . . to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'" *Little v. JB Pritzker for Governor*, 2021 WL 1165097, at *6 (N.D. Ill. March 26, 2021) (*quoting* Fed. R. Civ. P. 37(b)(2)(C)); *see also* Fed .R. Civ. P. 37(a)(5)(A)(ii) & (iii) (when a motion to compel is granted, under Rule 37(a), the court "must" require "the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the failure to disclose "was substantially justified" or "other circumstances make an award of expenses unjust.").

Plaintiffs' request for attorney's fees also implicates Rule 37(c)(1). Paragraph A(9) of the MIDP Amended Standing Order provides: "Rule 37(c)(1) shall apply to mandatory discovery responses required by this Order." Am. MIDP Standing Order, ¶ A.9. With respect to Plaintiffs' request for attorney's fees, Rule 37(c)(1) provides that unless the failure to provide information was "substantially justified or is harmless," the Court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. 37(c)(1)(A).

A finding or willfulness or bad faith is not required to support sanctions which are less severe than dismissal or default. *E360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) (under Rule 37, "a showing of willfulness, bad faith, or fault is necessary only when dismissal or default is imposed as a discovery sanction."). "Even negligence may be a sufficient

degree of fault to impose fee-shifting sanctions." *Little*, 2021 1165097, at * 6; *e360 Insight, Inc.*, 658 F.3d at 643 (negligence is "a degree of fault sufficient for imposing sanctions."). Finally, a court has wide discretion in determining an appropriate sanction, but sanctions under Rule 37 must be proportional to the wrongdoing. *Patrick v. City of Chicago*, 974 F.3d 824, 831 (7th Cir. 2020); *Nelson v. Schultz*, 878 F.3d 236, 238-39 (7th Cir. 2017).

An award of reasonable attorney's fees is appropriate and proportional to the discovery failures here. The Court finds that Defendants' failure to make complete disclosures required under the MIDP and the Court's April 8 and May 21 Orders is clear, and while not willful or in bad faith, was not substantially justified.

Defendants state that they did not produce responsive documents because: (1) the primary Defendant and possessor of the majority of the documents is Chop Hospitality, LLC, which operates the Chicago Chop House restaurant; (2) Chicago Chop House is a full-service restaurant, not an office-based business with numerous staff members hired and retained to manage documents and paperwork; (3) during the COVID-19 pandemic, the Chop House restaurant was operating on an extremely limited basis and with a threadbare staff; and (4) challenges caused by the pandemic, including closures and staff turnover, greatly disrupted the Chop House restaurant's ability to operate as a business much less locate and produce the documents at issue. Defendants also point out the substantial burden in producing voluminous responsive documents in the very immediate aftermath of the pandemic.

While Defendants' assertion regarding the scope of their document production may be true and the Court recognizes the significant challenges the pandemic placed on restaurants, these reasons are not an adequate excuse for Defendants' almost complete failure to provide any new responsive documents pertaining to this particular case and their failure to identify specific

witnesses and provide their contact information (other than identifying the named Defendants and Doris Siemen). For example, Defendants have not explained why their challenges in producing documents prevented them from at least providing the names and contact information for witnesses likely to have discoverable information. Moreover, counsel for both sides *agreed* to the June 4 deadline set forth in the status report filed on May 20 and incorporated into the Court's May 21 Order. Defendants do not dispute that they had a duty to produce their MIDP disclosures by June 4, 2021 and failed to provide responsive documents and information. Defense counsel "fully acknowledge that they agreed to the June 4, 2021 deadline to supplement their prior disclosures" but blame Plaintiffs' counsel for failing to agree to an additional extension to June 25 to produce the MIDP disclosures. Doc. 98 at 7. Plaintiffs were not obligated to agree to an additional 3-week extension and Defendants have not explained why they did not ask the Court to extend the MIDP disclosure deadline before a motion to compel was filed. If Defendants needed additional time due to personnel issues and problems related to the COVID-19 pandemic, it was incumbent on Defendants to promptly seek an extension of time from the Court. Defendants did not do so.

The Court expects the parties to abide by their agreements regarding discovery deadlines, especially those incorporated into a Court order. A party cannot simply ignore an order of the Court and parties also cannot agree to extend Court-ordered deadlines. Rule 37 is a fee-shifting rule that seeks to deter exactly these types of discovery failures. Therefore, under these circumstances, Defendants' actions were not substantially justified.

Defendants' failure was also not harmless. Plaintiffs were forced to file the instant motion to compel due to Defendants' failure to comply with the Court's April 8 and May 21 Orders, and they should be compensated for the unnecessary litigation they were forced to engage in. Plaintiffs should not have had to file this motion to get Defendants to comply with their MIDP discovery

obligations. However, other than the filing of the instant motion, Plaintiffs have not been prejudiced by Defendants' delayed MIDP disclosures. No depositions have taken place and fact discovery can be completed within the time previously allowed by the Court. The deadline to issue notices of depositions with agreed upon dates is August 6, 2021 and fact discovery closes on October 29, 2021. Doc. 93. This schedule provides the parties sufficient time after Defendants provide complete MIDP disclosures on July 19, 2021 to issue notices of depositions and complete fact discovery, and no dispositive motion or trial dates have been set. Finally, Defendants fail to demonstrate any circumstances that would make an award of reasonable expenses unjust in this case.

Because Defendants have failed to show that their lack of disclosure was substantially justified or harmless, and have failed to demonstrate other circumstances that would make an award of expenses unjust, the Court concludes that a sanction in the amount of reasonable attorney's fees incurred by Plaintiffs in bringing this discovery motion is appropriate. The Court directs Defendants to pay Plaintiffs for their reasonable attorney's fees related to the filing of their motion to compel and for sanctions. Within one week from the date of this Order, Plaintiffs shall submit an affidavit to Defendants attesting to the reasonable attorney's fees incurred in filing the instant motion. If the parties do not thereafter agree on the amount of attorney's fees, they shall promptly bring the dispute to the Court's attention for resolution.

Lastly, the Court finds that the request to prohibit Defendants from seeking any additional extensions in this case less than two weeks prior to any deadline and to require a good cause showing why any extension should be granted is neither justified nor necessary because Defendants' delay in MIDP compliance ultimately did not impact any other Court-imposed

deadlines and a demonstration of good cause is already required by Rule 16(b)(4) to justify any extension of the Court's scheduling order.

## **CONCLUSION**

For these reasons, Plaintiffs' Motion for Sanctions and Motion to Compel Discovery [95] is granted in part and denied in part. This case remains set for status on August 19, 2021 at 9:15 a.m. by telephone.

**SO ORDERED.**

Dated: July 13, 2021

_____
Sunil R. Harjani
United States Magistrate Judge